1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11  CAROLYN ANNE MATTHEWS,            Case No. SA CV 16-2226-DFM

12               Plaintiff,
                                      MEMORANDUM OPINION
13          v.                        AND ORDER

14  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,[1]
15

16               Defendant.

17

18

19       Carolyn Anne Matthews ("Plaintiff") appeals from the Social Security

20  Commissioner's final decision denying her application for a period of disability

21  and Disability Insurance Benefits ("DIB"). For the reasons discussed below,

22  the Commissioner's decision is reversed and this case is remanded for further

23  proceedings.

24  *///*

25

26       [1] On January 23, 2017, Berryhill became the Acting Social Security
27  Commissioner. Thus, she is automatically substituted as defendant under
    Federal Rule of Civil Procedure 25(d).
28

## BACKGROUND

Plaintiff protectively filed an application for a period of disability and DIB on August 8, 2013. See Administrative Record ("AR") 16, 149-50. Plaintiff alleged that her disability began on August 26, 2012. See AR 149. After her application was denied, she requested a hearing before an administrative law judge ("ALJ"). See AR 98. At a March 2015 hearing, the ALJ heard testimony by a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 35-69.

On March 30, 2015, the ALJ denied Plaintiff's claims. See AR 16-29. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that Plaintiff has severe impairments of degenerative disc disease of the lumbar spine, status post fusion; lumbar radiculopathy; peripheral neuropathy; fibromyalgia; migraine headaches; and major depression disorder. See AR 18. The ALJ determined that Plaintiff's alleged impairments of Raynaud's disease and attention deficient disorder were not medically determinable. See AR 18-19. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. See AR 19.

Despite Plaintiff's impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with several additional limitations, including various postural limitations and a limitation to simple, routine, and repetitive tasks. See AR 20. Although the ALJ found Plaintiff unable to return to her past relevant work as a computer programmer, the ALJ accepted the VE's testimony that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform the occupations of marker, garment sorter, and garment bagger. See AR 27, 28. Thus, the ALJ found that Plaintiff was not disabled. See AR 29.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-9; see also 20 C.F.R. § 404.981. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.

## DISCUSSION

Plaintiff argues that the ALJ's decision is erroneous or not supported by substantial evidence for six reasons: (1) the ALJ improperly discredited Plaintiff's subjective symptom testimony; (2) the ALJ failed to consider the treating physician's opinion about Plaintiff's migraines; (3) the ALJ improperly discredited the treating physician's opinion about Plaintiff's other conditions; (4) the ALJ failed to consider whether Plaintiff's impairments met or equaled the requirements of Listing 1.04A; (5) evidence presented for the first time to the Appeals Council rendered the ALJ's decision unsupported by substantial evidence; and (6) evidence presented for the first time to the district court should have been made a part of the record and should be considered by the ALJ. See Joint Stipulation ("JS") at 1-2.

### A.    Dr. Gumbs's Opinion (Issue Six)

In March 2014, Dr. Vincent Gumbs, an orthopedic surgeon, wrote an opinion addressing Plaintiff's back condition. See JS, Exhibit 1. Although Dr. Gumbs's opinion is twenty pages long, only one page of his opinion was presented to the agency. See AR 523. Plaintiff presents the opinion in its entirety for the first time in the district court. See JS at 49. She requests that this case be remanded so that the ALJ may consider the complete opinion in the first instance. See JS at 47, 49.

### 1.    Sentence Six of 42 U.S.C. § 405(g)

Sentence six of 42 U.S.C. § 405(g) applies to evidence that was not presented to the Commissioner but is presented for the first time to the district court. Akopyan v. Barnhart, 296 F.3d 852, 854-55 (9th Cir. 2002); Ingram v.

Commissioner of Social Sec. Admin., 496 F.3d 1253, 1267 (8th Cir. 2007) ("Sentence six of section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time to the district court."). A sentence-six remand does not involve a substantive ruling on the correctness of the Commissioner's final disability determination. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Rather, sentence six authorizes the district court to remand the case to the Commissioner upon a showing "that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." Allen v. Secretary of Health and Human Services, 726 F.2d 1470, 1473 (9th Cir. 1984).

To the extent that Plaintiff's remand request is premised on sentence six, she has not demonstrated good cause for failing to incorporate the evidence earlier. "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001). Plaintiff has not made this showing. Dr. Gumbs wrote the opinion March 18, 2014, long before the administrative hearing on March 3, 2015, the issuance of the ALJ's decision on March 30, 2015, and the expiration of the deadline to submit evidence to the Appeals Council within 60 days after receipt of the ALJ's decision (20 C.F.R. § 404.968). Plaintiff therefore could have submitted the complete opinion while her case was still pending before the Commissioner. Given her failure to do so, good cause is absent for remand under sentence six.

### 2. Duty to Develop the Record

In the alternative, however, Plaintiff argues that Dr. Gumbs's complete opinion "should have been part of the record" before the ALJ because the ALJ was on notice that only one page of that opinion had been presented to the agency. See JS at 47. The Court construes this argument as an allegation of

4

legal error under sentence four of § 405(g), specifically, the ALJ's alleged failure to fully and fairly develop the record. See Hoa Hong Van v. Barnhart, 483 F.3d 600, 606 (9th Cir. 2007) ("A remand under sentence four is essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") (citation and internal quotation marks omitted). The merits of this argument depend only on the evidence that was presented to the agency. See Ingram, 496 F.3d at 1268 (under sentence four, "a reviewing court is limited to the certified administrative record in examining the evidence") (citation omitted).

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's duty exists whether or not a plaintiff is represented by counsel. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 459-60.

Before the administrative hearing began, Plaintiff's counsel told the ALJ that Plaintiff's medical record was complete and would not be supplemented. See AR 38. Ordinarily, an ALJ should be able to rely on such representations. See Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008) ("[W]e will not ordinarily reverse or remand for failure to develop the record when a claimant is represented by counsel who affirmatively submits to the ALJ that the record is complete. This is particularly the case when the missing medical records are not obvious from the administrative record. . . ."). Here, however, such reliance would have been unwarranted. The only portion of Dr. Gumbs's opinion that was submitted to the ALJ was obviously ambiguous: it described a qualified medical evaluation lasting for several hours yet abruptly ended after

one page without any details about Dr. Gumbs's findings and conclusions from that evaluation. <u>See</u> AR 523. This obvious omission should have notified the ALJ that pages were missing, despite any representations by Plaintiff's counsel about the state of the record.

Other district courts in this circuit have found an erroneous failure to develop the record under somewhat analogous circumstances, i.e., when it is obvious that pages are missing from the medical record. <u>See</u>, <u>e.g.</u>, <u>Russell v. Berryhill</u>, No. 16-2972, 2017 WL 3027252, at *4 (C.D. Cal. July 14, 2017); <u>Sherer v. Berryhill</u>, No. 16-5466, 2017 WL 2561595, at *5-*6 (W.D. Wash. May 9, 2017); <u>Bishop v. Colvin</u>, No. 14-0524, 2015 WL 1874879, at *5 (D. Or. Apr. 23, 2015). More pointedly, in <u>Demison v. Astrue</u>, No. 08-0219, 2009 WL 1844478, at *5 (C.D. Cal. June 25, 2009), the district court found that the ALJ had not discharged his duty to develop the record by simply leaving the record open for counsel to submit a missing report, pointing to the ALJ's "affirmative duty to obtain the missing page by contacting either plaintiff's counsel or [the medical provider]."

Here, the record should have alerted the ALJ to the fact that the record did not contain Dr. Gumbs's report, notwithstanding counsel's representation that the record was complete. Under these circumstances, and even though Plaintiff was represented by counsel, the ALJ had an independent duty to assure that Plaintiff's interests were considered. <u>See</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983) (holding that ALJ has duty, even when the claimant is represented by counsel, "to fully and fairly develop the record and to assure that the claimant's interests are considered"). The ALJ's failure to obtain Dr. Gumbs's report left this responsibility unfulfilled. Reversal is warranted under sentence four based on the ALJ's failure to develop the record.

///

**B.** **Dr. Stoney's Opinion About Migraine Headaches (Issue Two)**

    **1.** **Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c)[2]; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended Apr. 9, 1996). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's. Lester, 81 F.3d at 830. When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830–31). Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Id.; see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan, 242 F.3d at 1149. The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. § 404.1527(c).

///

///

---

    [2] The Court applies the regulations that were in effect at the time of the ALJ's decision. Rose v. Berryhill, 256 F. Supp. 3d 1079, 1083 n.3 (C.D. Cal. 2017).

## 2. Discussion

In October 2013, Dr. Scott Stoney completed a "Treating Physician's Migraine Headache Form" on Plaintiff's behalf. <u>See</u> AR 489. In relevant part, Dr. Stoney wrote that Plaintiff suffers from migraine headaches that would interfere with her ability to work more than five days per week. <u>See</u> <u>id.</u>[3] The ALJ briefly mentioned Dr. Stoney's opinion about the migraine headaches but mistakenly attributed the opinion to Plaintiff, without any further evaluation. <u>See</u> AR 21. Plaintiff contends that this was reversible legal error for failure to evaluate a treating physician's opinion. <u>See</u> JS at 16-17.

It is well-settled that if an ALJ rejects a treating physician's opinion, the ALJ must articulate legally sufficient reasons for doing so, and may not silently reject that opinion simply by making contrary findings. <u>See</u> <u>Salvador v. Sullivan</u>, 917 F.2d 13, 14 (9th Cir. 1990) ("[T]he ALJ never evaluated [the treating physician's] findings or conclusions, but only summarized [the treating physician's] opinion generally without any specific reference as to why he disregarded it. This is not a sufficient statement of reasons."); <u>see</u> <u>also</u> <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1038 n. 10 (9th Cir. 2007) (an ALJ cannot avoid the requirement to expressly evaluate a treating physician's opinion simply by mentioning the opinion or by making findings contrary to it); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1286 (9th Cir. 1996) (same). Under these authorities, the ALJ's failure to expressly evaluate Dr. Stoney's migraine opinion, other than to briefly mention it and misattribute it to Plaintiff, was legal error.

Citing <u>Magallanes v. Bowen</u>, 881 F.2d 747 (9th Cir. 1989), the Commissioner contends that the Court may reasonably infer that the ALJ

---

[3] Dr. Stoney issued a separate opinion about Plaintiff's other impairments that is not addressed here.

properly rejected the treating physician's opinion. <u>See</u> JS at 18. In <u>Magallanes</u>, the Ninth Circuit stated that a reviewing court may draw "specific and legitimate inferences" from which to conclude that an ALJ properly rejected a treating physician's opinion, "if those inferences are there to be drawn." 881 F.2d at 755. This inference cannot be drawn here. In <u>Magallanes</u>, the inference was proper because the ALJ did in fact expressly evaluate the treating physician's opinion, as well as the other medical evidence, but merely neglected to "recite the magic words" to the effect that he was actually rejecting the treating physician's opinion in favor of the other medical evidence. <u>Id</u>. Here, the ALJ's opinion contains no similar evaluation of Dr. Stoney's migraine opinion, in the context of the other medical evidence, from which the Court can draw a specific and legitimate inference. <u>See</u>, <u>e.g.</u>, <u>Castro v. Astrue</u>, 2011 WL 3500955, at *9 (E.D. Cal. Aug. 9, 2011) (finding <u>Magallanes</u> distinguishable where "the ALJ made no interpretation of any of the medical evidence or how it might conflict"); <u>Buckard v. Astrue</u>, 2010 WL 5789044, at *21 (D. Or. Dec. 7, 2010) (same where the ALJ did not specifically address and resolve the conflict in the medical evidence). It therefore is still the case that the ALJ's failure to evaluate Dr. Stoney's migraine opinion was legal error.

Finally, the failure to properly evaluate the treating physician's opinion was not harmless error. Such an omission is harmless error when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [opinion], could have reached a different disability determination." <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir 2015) (citing <u>Stout v. Commissioner, Social Sec. Admin.</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). When fully crediting Dr. Stoney's opinion about Plaintiff's migraine headaches, a reasonable ALJ could have reached a different disability determination. Thus, this issue warrants reversal.

## C. Remaining Issues

Because reversal is warranted because of the ALJ's failure to develop the record and failure to evaluate the treating physician's opinion about Plaintiff's migraine headaches, it is unnecessary for the Court to resolve Plaintiff's remaining issues.

## D. Remand for Further Proceedings

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). In light of the grounds for reversal in this case — an obvious ambiguity in the record and the failure to properly consider the treating physician's opinion — further proceedings would serve a useful purpose. See Dominguez v. Colvin, 808 F.3d 403, 410 (9th Cir. 2015) (district court did not abuse its discretion in remanding to the ALJ for further proceedings where there were "inconsistencies, conflicts, and gaps in the record"); Bunnell, 336

F.3d at 1115-16 (same where the ALJ failed to provide adequate reasons for rejecting the opinion of the treating physicians).  Accordingly, this matter is remanded for further proceedings.

## III.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings.


Dated: March 15, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge